JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-02408 MMM (JCx) | Date | May 31, 2013 |
|---|---|---|---|

| Title | *Investment Management Company, LLC v. Svetlana Cholakian* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Case to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

## I. FACTUAL BACKGROUND

Plaintiff Investment Management Company, LLC filed this unlawful detainer action in Los Angeles Superior Court against Svetlana Cholakian ("Cholakian") and certain fictitious defendants on December 18, 2012.[1] Defendants are allegedly holdover occupants in possession of real property located in Tarzana, California ("the property").[2] Plaintiff acquired ownership of and title to the property at a duly noticed trustee sale, and it has allegedly perfected its title pursuant to California Civil Code §§ 2924 *et seq*.[3]

On or about November 17, 2012, plaintiff served a written notice to quit and deliver up

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Apr. 4, 2014), Complaint for Unlawful Detainer ("Complaint").

[2] *Id.*, ¶¶ 3, 5.

[3] *Id.*, ¶ 3.

possession of the property on defendants pursuant to California Code of Civil Procedure § 1162.[4] It alleges that defendants have failed to vacate or deliver possession of the property.[5]

Plaintiff seeks restitution of the property, holdover damages of $70.00 per day from November 21, 2012 until the date judgment is entered, and its costs of suit.[6]

Cholakian filed a notice of removal on April 4, 2013, invoking the court's federal question jurisdiction.[7]

## II.  DISCUSSION

### A.  Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).  For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Los Angeles Superior Court.

---

[4]*Id.*, ¶ 4.

[5]*Id.*, ¶5.

[6]*Id.* at 3 (prayer).

[7]Removal at 1.

### B. Federal Question Jurisdiction

#### 1. Legal Standard Governing Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the

plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank N.A. v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Cholakian asserts the court has federal question jurisdiction because the case "involves the same property of which this Federal Court has jurisdiction" in a related action Cholakian filed alleging violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act.[8] This is a misunderstanding of the law. "A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action." *Residential Funding Real Estate Holdings, LLC v. Chavez*, No. C10–04488 MMM (JCGx), 2010 WL 3220065, *1 (C.D. Cal. Aug. 12, 2010); see also *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa. 1995) ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action"); *Chase v. Auerbach*, No. 94-5892, 1994 WL 590588 *1–2 (E.D. Pa. Oct. 26, 1994) ("The removal statute provides that a state court action over which the district court has 'original jurisdiction' may be removed; it does not say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed"). Rather, the federal question must appear on the face of the complaint *in this case*. There is no such question present here, and thus the court lacks subject matter jurisdiction.

### C. Diversity Jurisdiction

#### 1. Legal Standard Governing Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between

---

[8]Removal, ¶ 5.

citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

### 2. Whether Diversity Jurisdiction Exists

In its complaint, plaintiff expressly states that the amount demanded does not exceed $10,000.[9] Cholakian makes no effort to argue that the amount in controversy is higher than $10,000. Consequently, she has failed to demonstrate a legal certainty that the amount in controversy requirement met, and the court lacks diversity jurisdiction to hear the action.[10]

### D. Bankruptcy Cases and Proceedings

The first page of Cholakian's notice of removal cites 28 U.S.C. § 1334,[11] although she does not argue why the statute applies in the body of the pleading.[12] Cholakian, therefore, fails to

---

[9]Complaint at 1.

[10]In addition to the fact that plaintiff specifically limited the damages sought, it is unlikely that daily holdover damages of $70.00 could exceed the jurisdictional minimum. For that to occur, judgment would have to be entered on or after October 29, 2015. As unlawful detainer is a summary proceeding, it is unlikely that it would be almost three years before judgment is entered.

Additionally, it is likely that there is no complete diversity of citizenship. Plaintiff is a California citizen. (Complaint, ¶ 2). If Cholakian is a California citizen as well, which is likely given that she resides in the state, then complete diversity is lacking. 28 U.S.C. § 1332(a).

[11]Removal at 1.

[12]*Id.* at 2-3. Section 1334 provides:
"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
(2) Upon timely motion of a party in a proceeding based upon a State law claim or State

demonstrate that the court has jurisdiction under § 1334.  This is an unlawful detainer action, not a bankruptcy proceeding.  Cholakian does not allege that there is a related Title 11 case pending, or that there is a bankruptcy issue that is relevant to this action.  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Cholakian has not satisfied her burden of showing that this unlawful detainer action falls within the scope of the court's § 1334 jurisdiction over bankruptcy proceedings.

   E.   **Civil Rights Removal**

Cholakian also contends that "the mere filing of [the state court unlawful detainer action] violates [her] procedural and substantive due process rights under the Fifth Amendment."  She contends that plaintiff's "attempt to evict [her] and circumvent the Federal Court action pending also violates [her] entitlement rights to use the Court system. . . ."[13]   28 U.S.C. § 1443(1) permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . ."[14]  A notice of removal based on § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v.*

---

law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.  Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –
(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327."

[13]Removal, ¶ 6.  Any attempt to "circumvent" Cholakian's related federal suit would have to have been preemptive: the unlawful detainer action was filed December 18, 2012.  Cholakian did not file her federal court action until March 6, 2013. (Removal, Exh. C, District Court Complaint).

[14]Cholakian does not explicitly reference § 1443.  The court nevertheless considers the statute in the context of Cholakian's allegations that her constitutional rights have been violated.

*Rachel*, 384 U.S. 780, 788–92 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). See also *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Even construing Cholakian's notice of removal liberally, she has not satisfied the *Greenwood* test. 384 U.S. 808, 824–28 (1966). First, she fails to identify a right given to her "by explicit statutory enactment protecting equal racial civil rights." *Sandoval*, 434 F.2d at 636. She merely references substantive and procedural due process rights under the Fifth Amendment.[15] For this reason alone, defendant's removal of the action under § 1443(1) is improper. *Id.*

Cholakian also fails to satisfy the second criterion of the *Greenwood* test. Even if the court interpreted her notice of removal as invoking her right to equal protection under the United States Constitution, Cholakian fails to demonstrate that California state courts will not enforce that right. She does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution. Thus, her allegations that the state court unlawful detainer action violate her Fifth Amendment rights or her "entitlement rights to use the court system"[16] are insufficient to support removal under § 1443(1). See *Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012) (finding no basis for removal under § 14431(a) because defendants did "not identify any California state law or California constitutional provision that denied them the opportunity to raise their civil rights in the California courts," but instead argued that "unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [based on the existence of] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *Rachel*, 384 U.S. at 792-800; *Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

---

[15]Removal, ¶ 6.

[16]*Id.*

## III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.  For the reasons stated, Cholakian has failed to carry her burden of showing that the court has subject matter jurisdiction to hear this action.  As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.